UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CEKECIA OLUWATAYO, <br><br> Plaintiff, <br><br> v. <br><br> BIRCHSTONE RESIDENTIAL, INC., <br><br> Defendant. | CIVIL ACTION FILE NO. <br><br> _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff, Cekecia Oluwatayo (hereinafter "Plaintiff"), by and through her undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant Birchstone Residential, Inc. (hereinafter "Defendant" or "Birchstone"), showing the following:

### I. NATURE OF COMPLAINT

1. Plaintiff brings this action for damages, reasonable attorney's fees, court costs, and expenses based on Defendant's violation of her rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII") and Civil Rights Act 42 U.S.C. § 1981 ("Section 1981").

### II. PARTIES

2. Plaintiff is a resident of the State of Georgia, a citizen of the United States of

America, and is subject to the jurisdiction of this Court.

3. Defendant is a Foreign Profit Corporation with a principal office located at 1450 Raintree Way, Roswell, Georgia 30076.

4. Defendant may be served by delivering a copy of the Complaint and Summons to its Registered Agent, ℅ Capitol Corporate Services, Inc., 3675 Crestwood Parkway NW, Suite 350, Duluth, Georgia 30096.

5. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

### III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of Title VII.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts III through V of this Complaint, which arise out of Section 1981.

8. This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place within the Northern Division of the Atlanta District of Georgia.

9. Plaintiff exhausted all administrative remedies in this matter. Exhibit 1.

10. This action has been timely commenced.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

12.     Defendant is now, and at all times relevant hereto have been, an employer subject to Title VII and Section 1981.

13.     Defendant is a property management company that owns and operates an apartment community in Roswell, Georgia.

14.     Plaintiff is African American.

15.     Plaintiff was employed by Defendant as an Assistant Property Manager from March 10, 2023, until her termination on August 22, 2023.

16.     During all times relevant to her claims, Plaintiff worked at the company's Roswell, Georgia, location.

17.     During all times relevant to her claims, Plaintiff reported to Ms. Yuri Torres, Property Manager.

18.     Ms. Torres is Hispanic.

19.     In early August 2023, Plaintiff was performing her work duties alongside another employee, Ms. Nicole LNU[1], Temporary Leasing Agent, when eight (8) prospective tenants arrived at Birchstone's leasing office.

20.     Those prospective tenants were of Hispanic descent and possessed limited English proficiency skills.

---

[1] Last Name Unknown.

21. Unable to assist, Plaintiff communicated as best she could to the prospective tenants that another employee, who is fluent in Spanish, would arrive momentarily.

22. Ms. Torres simultaneously arrived at the leasing office and observed the individuals in the lobby.

23. Ms. Torres began questioning Plaintiff about why she was not assisting the prospective tenants.

24. In response, Plaintiff politely explained that all individuals had scheduled appointments with Birchstone's Spanish-speaking employee.

25. Ms. Torres stated in response, "We (Birchstone) need a Spanish staff."

26. Plaintiff found such comments to be disturbing as it implied that she could not adequately perform her job unless she was of a certain race.

27. Plaintiff thereafter reported Ms. Torres' discriminatory remarks to Ms. Tameka Smith, Human Resources Representative.

28. Shortly thereafter, Ms. Torres terminated Plaintiff's employment with Birchstone.

29. Following Plaintiff's termination, Ms. Torres filled her position with a Hispanic employee.

30. Although the company alleged that Plaintiff's termination was due to poor performance, Plaintiff's performance was never questioned until she engaged in a protected activity by reporting Ms. Torres' discriminatory remarks to the company.

31. Plaintiff filed a claim against Defendant with the Equal Employment Opportunity Commission ("EEOC") on November 9, 2023.

32. Plaintiff received her Dismissal and Notice Rights from the EEOC, dated January 8, 2024.

## V. CLAIMS FOR RELIEF

## COUNT I: TITLE VII DISCRIMINATION

33. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

34. Plaintiff is a member of a protected class by virtue of her race, African American.

35. Defendant was aware of Plaintiff's race.

36. Defendant discriminated against Plaintiff by berating her for not being Spanish and threatening to terminate her employment for such reason.

37. After complaining of discrimination, Plaintiff was then terminated from her employment by Defendant.

38. Following her termination, Plaintiff was replaced by a Hispanic, non-African

American employee.

39. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

40. Defendant's business reason for Plaintiff's termination is pretextual.

41. Plaintiff suffered damages as a result of Defendant's discrimination, for which she is entitled to recovery.

42. Plaintiff's race was a motivating factor in Defendant taking adverse action against her.

## COUNT II: TITLE VII RETALIATION

43. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

44. Plaintiff is a member of a protected class by virtue of her national origin and/or race, African American.

45. Defendant was aware of Plaintiff's national origin and/or race.

46. Defendant discriminated against Plaintiff by berating her for not being Spanish and threatening to terminate her employment for such reason.

47. As such, Plaintiff had a good faith belief that discrimination was occurring in the workplace.

48. Plaintiff thereafter reported the discrimination to Defendant, specifically

stating she was discriminated against based on her national origin and/or race.

49. Defendant thereafter retaliated against Plaintiff by taking adverse employment actions in violation of Title VII.

50. The temporal proximity of Plaintiff's complaints of race discrimination to the adverse actions taken against her show causation.

51. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

52. Defendant's business reason for Plaintiff's termination is pretextual.

53. Plaintiff suffered damages as a result of Defendant's discrimination, for which she is entitled to recovery.

54. Plaintiff's report of national origin/race discrimination was the but-for cause for her termination.

## COUNT III: SECTION 1981 DISCRIMINATION

55. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

56. Plaintiff is a member of a protected class by virtue of her race, African American.

57. Defendant was aware of Plaintiff's race.

58. Defendant discriminated against Plaintiff by berating her for not being

Spanish and threatening to terminate her employment for such reason.

59. After complaining of discrimination, Plaintiff was then terminated from her employment by Defendant.

60. Following her termination, Plaintiff was replaced by a Hispanic, non-African American employee.

61. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

62. Defendant's business reason for Plaintiff's termination is pretextual.

63. Plaintiff suffered damages as a result of Defendant's discrimination, for which she is entitled to recovery.

## COUNT IV: SECTION 1981 RETALIATION

64. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

65. Plaintiff is a member of a protected class by virtue of her race, African American.

66. Defendant was aware of Plaintiff's race.

67. Defendant discriminated against Plaintiff based on her race.

68. Plaintiff thereafter reported the discrimination to Defendant, specifically stating she was discriminated against based on her race.

69. Defendants thereafter retaliated against Plaintiff by taking adverse employment actions in violation of Section 1981.

70. The temporal proximity of Plaintiff's complaints of race discrimination to the adverse actions taken against her show causation.

71. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

72. Defendant's business reason for Plaintiff's termination is pretextual.

73. Plaintiff suffered damages as a result of Defendant's discrimination, for which she is entitled to recovery.

74. Plaintiff's report of race discrimination was the but-for-cause for her termination.

## COUNT V: ATTORNEY FEES AND COSTS

75. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

76. As Defendant violated Plaintiff's rights protected by 42 U.S.C. §1981, Plaintiff is entitled to recover her attorney's fee and expenses as provided by 42 U.S.C §1988 and other relevant federal statutes.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grants the following relief:

a. Trial by jury;

b. That judgment be entered against Defendant on all claims;

c. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

d. Punitive damages;

e. Attorney's fees, costs of litigation, and any other relief the Court deems just and proper;

f. Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

g. Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

h. Any other relief this Court deems proper and just.

Respectfully submitted this 26th day of March 2024.

                THE KIRBY G. SMITH LAW FIRM, LLC

                <u>s/Jarrell Bogan</u>
                Jarrell Bogan
                Georgia Bar No. 584018
                Amanda M. Brookhuis
                Georgia Bar No. 601396
                Kirby G. Smith
                Georgia Bar No. 250119
                *Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (678) 379-7945
F: (877) 352-6253
jjb@kirbygsmith.com
amb@kirbygsmith.com

11.

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 26th day of March 2024.

THE KIRBY G. SMITH LAW FIRM, LLC

s/Jarrell Bogan
Jarrell Bogan
Georgia Bar No. 584018
*Attorney for Plaintiff*